IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **ANDRE HENRY** | : | **NO.  06-33-01** |
| | : | |

### ORDER & MEMORANDUM

### O R D E R

**AND NOW**, this 7th day of October, 2008, upon consideration of defendant's Motion to Have A.U.S.A. Michelle Rotella, Carlos A. Martir, Gerard Gallagher, Christopher Curran, Francis Neeley, Theodore Mills (AKA) Craig Williams Referred to the Department of Justice, American Bar Association, U.S. Attorney's Office and District Attorney's Office for Disciplinary Action, Ethical Violations, Violations of 18 U.S.C. §§ 1622 and 1623, Violations of Pennsylvania Constitutional Statute Ch. 57 (Wiretapping and Electronic Surveillance) and Prosecutorial Misconduct (Document No. 715, filed August 13, 2008); the government's letter of August 28, 2008, responding to defendant's motion[1]; the Government's Opposition to Defendant Andre Henry's Pro Se Motion for Disciplinary Action and Related Relief (Document No. 723, filed September 9, 2008); and defendant's Response to the Government's Opposition Motion to Andre Henry's Pro Se Motion for Disciplinary Action and Related Relief (Document No. 726, filed September 16, 2008), for the reasons set forth in the attached Memorandum, **IT IS ORDERED** that defendant's Motion to Have A.U.S.A. Michelle Rotella, Carlos A. Martir, Gerard Gallagher, Christopher Curran, Francis Neeley, Theodore Mills (AKA) Craig Williams

---

[1] A copy of the letter shall be docketed by the Deputy Clerk.

Referred to the Department of Justice, American Bar Association, U.S. Attorney's Office and District Attorney's Office for Disciplinary Action, Ethical Violations, Violations of 18 U.S.C. §§ 1622 and 1623, Violations of Pennsylvania Constitutional Statute Ch. 57 (Wiretapping and Electronic Surveillance) and Prosecutorial Misconduct is **DENIED**.

**IT IS FURTHER ORDERED** that copies of this Order and Memorandum shall be served by the Deputy Clerk on counsel. Counsel for the government shall serve copies of the Order and Memorandum on all of the agents and other persons named in defendant's motion.

## M E M O R A N D U M

**I.    BACKGROUND**

The background of this case is set forth in the Court's previous opinions. See United States v. Henry, 472 F. Supp. 2d 649, 651 (E.D. Pa. 2007) (denying motions to suppress); United States v. Henry, 2007 WL 419191, at *1 (E.D. Pa. Feb. 2, 2007) (granting Motion for an Order Declaring the Defendant in Contempt of Court for Failure to Provide Palm Prints Pursuant to Court Order); United States v. Henry, 2007 WL 419197, at *1 (E.D. Pa. Feb. 2, 2007) (denying *pro se* motion to suppress); United States v. Henry, 2007 WL 656877, at *1 (E.D. Pa. Jan. 30, 2007) (denying *pro se* motion for reconsideration of order denying motion to dismiss indictment); United States v. Henry, 2007 WL 219885, at *1 (E.D. Pa. Jan. 26, 2007) (denying motions for subpoenas). Accordingly, the Court sets forth in this Memorandum only the background necessary to resolve the motion presently before the Court.

On October 24, 2006, defendant was charged in a twenty-eight count Superseding Indictment with conspiracy to make false statements to a federal firearms licensee, in violation of

18 U.S.C. § 371 (Count 1); making false statements to a federal firearms licensee, in violation of 18 U.S.C. § 924(a)(1)(A) (Counts 2, 3, 5, 7, 9); felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (Counts 4, 6, 8, 10, 26); Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Counts 11, 12, 13, 14, 15, 18, 19, 20); attempted carjacking, in violation of 18 U.S.C. § 2119 (Count 16); carrying and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts 17, 22, 24); armed bank robbery, in violation of 18 U.S.C. § 2113(d) (Counts 21, 23); conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371 (Count 25); possession of body armor, in violation of 18 U.S.C. §§ 931 and 921(a)(35) (Count 27); solicitation to commit murder, in violation of 18 U.S.C. § 373 (Count 28); and aiding and abetting, in violation of 18 U.S.C. § 2.

At trial, the Court bifurcated Count 27 of the Superseding Indictment, the count charging possession of body armor.  Trial on Counts 1 through 26 and Count 28 commenced on February 5, 2007.  On February 22, 2007, a jury found defendant guilty on each of these counts.  Thereafter, the government withdrew the charges in Count 27.

Sentencing was conducted on September 3, 2008.  At that time, defendant was sentenced to, *inter alia*, 982 months (over 81 years) of imprisonment followed by 5 years of supervised release.

Presently before the Court is defendant's Motion to Have A.U.S.A. Michelle Rotella, Carlos A. Martir, Gerard Gallagher, Christopher Curran, Francis Neeley, Theodore Mills (AKA) Craig Williams Referred to the Department of Justice, American Bar Association, U.S. Attorney's Office and District Attorney's Office for Disciplinary Action, Ethical Violations, Violations of 18 U.S.C. §§ 1622 and 1623, Violations of Pennsylvania Constitutional Statute Ch.

57 (Wiretapping and Electronic Surveillance) and Prosecutorial Misconduct ("Motion to Refer") (Document No. 715, filed August 13, 2008); the government's letter of August 28, 2008, responding to defendant's motion; the Government's Opposition to Defendant Andre Henry's Pro Se Motion for Disciplinary Action and Related Relief (Document No. 723, filed September 9, 2008); and defendant's Response to the Government's Opposition Motion to Andre Henry's Pro Se Motion for Disciplinary Action and Related Relief (Document No. 726, filed September 16, 2008).  The Court will address each of the individuals named in defendant's Motion to Refer in turn.  For the reasons set forth below, the Motion to Refer is denied.

## II.     DISCUSSION

### A.     Assistant United States Attorney Michelle Rotella

Defendant seeks to refer Assistant United States Attorney Michelle Rotella ("AUSA Rotella") to the disciplinary authorities on the grounds that she unlawfully intercepted and procured another to intercept oral communications in violation of federal and Pennsylvania law; that she engaged in prosecutorial misconduct and suborned perjury during the October 24, 2006 grand jury proceeding in asking Alcohol, Tobacco, and Firearms Agent Gerard Gallagher ("Agent Gallagher") whether a wire was placed on an informant pursuant to federal and state law; and that she engaged in prosecutorial misconduct and committed violations of 18 U.S.C. §§ 1621–1623 (federal perjury statutes) and other ethical violations during the March 29, 2005 grand jury proceeding in asking witness Craig Williams about several homicides allegedly committed by defendant and others.

Placing a wire on an informant to intercept his conversations is lawful under federal and Pennsylvania law if it is done with his consent.  Both federal and Pennsylvania law permit such

consensual recording.  See 18 U.S.C. § 2511(2)(c) (2000); 18 Pa. Cons. Stat. Ann. § 5704(2)(ii) (West 2000).  This Court found that the "consenting party to the recording [Williams] freely and voluntarily consented to the tape recording of the conversations."  Order of Nov. 9, 2006 ¶ 7 (Doc. No. 234).  Thus, the interception of defendant's conversations with Williams was lawful under federal and Pennsylvania law.  There were no ethical violations committed by AUSA Rotella, and disciplinary action is not warranted.

Given that the use of the wire was lawful under both federal and Pennsylvania law, Agent Gallagher's October 24, 2006 grand jury testimony that he placed the wire on Williams pursuant to federal and state law was not perjury.  Defendant's claims that Agent Gallagher committed perjury and that AUSA Rotella suborned perjury must fail because, under federal and Pennsylvania wiretapping law, Agent Gallagher told the truth when he testified about the placing of the wire.

"The type of evidence a grand jury can consider is extraordinarily broad."  Wright & Leipold, Federal Practice and Procedure: Criminal 4th § 104 (2008).  The Federal Rules of Evidence do not apply in grand jury proceedings.  Fed. R. Evid. 1101(d)(2).  In addition, a grand jury may consider hearsay, illegally obtained evidence, and "other evidence that would be inadmissible at trial."  Wright & Leipold, Federal Practice and Procedure: Criminal 4th § 104.  Given this breadth of admissible evidence, it was not improper for AUSA Rotella to question Williams about all aspects of his conversations with defendant, including the "alleged homicides."[2]

---

[2] Defendant also argues that Williams's testimony about homicides allegedly committed by defendant's brother, Jermaine Henry, was improper.  (Def.'s Reply 3.)  Viewing this testimony in context demonstrates that it was a proper subject of inquiry for the grand jury

Defendant also argues that Williams's statements to the grand jury on March 29, 2006 constituted perjury, but there is no evidence of any such perjury before the Court. Without evidence, defendant's argument that AUSA Rotella suborned perjury in violation of 18 U.S.C. §§ 1621–1623 fails.

### B.    Carlos A. Martir

Defendant seeks to refer his former attorney, Carlos A. Martir, to the disciplinary authorities on the grounds that, at a hearing on November 2, 2006, he lied to the Court in stating that copies of transcripts of the proceedings before the first grand jury were not in his possession and that he violated attorney-client privilege and ethical rules in revealing defendant's pre-trial strategy to the government.

AUSA Rotella stated in a letter dated April 24, 2006 that she sent Martir transcripts of the grand jury testimony from March 8, 2005 and March 29, 2005. (Letter from Rotella to Martir 2, Apr. 24, 2006 (Doc. No. 715).) The letter suggests that the transcripts to which Martir referred during the November 2, 2006 hearing might have been in his possession, contradicting his statements to the Court. While it is unclear from the record whether Martir simply erred in telling the Court that he did not have the transcripts or knowingly made a false statement to the Court, any such falsehood would be *de minimis* and not a candidate for disciplinary action.

Martir informed the government that he intended to file a motion to dismiss the first

---

proceeding. Williams told defendant that in order to "work a deal with the Feds . . . if he could come up with an extra homicide to keep in reserve for bargaining power, that would be an excellent idea." (Mar. 29, 2005 Grand Jury Tr. 18–19.) In response, defendant told Williams that Jermaine had murdered his former girlfriend and her new boyfriend, which Williams reported to the grand jury. Viewed as part of Williams's overall testimony about his conversations with defendant, Williams's testimony about Jermaine Henry was appropriate.

6

indictment. Such a statement did not reveal the defendant's pre-trial strategy in a manner that was harmful to defendant. "A federal grand jury may return a second indictment for the same offense when the first indictment has been dismissed or otherwise found defective." United States v. Senak, 477 F.2d 304, 306 (7th Cir. 1973). Disciplinary action is not appropriate on this ground.

### C.     Agents Gerard Gallagher, Christopher Curran, and Francis Neely

Defendant seeks to refer Agents Gerard Gallagher, Christopher Curran, and Francis Neely to the disciplinary authorities for unlawfully intercepting and procuring another to intercept oral communications. Defendant also seeks to refer Agent Gallagher to the disciplinary authorities for committing perjury during the October 24, 2006 grand jury proceeding in testifying that the wire was placed on informant Williams pursuant to federal and Pennsylvania law.

As discussed more fully in Part II.A, the intercepting of Williams's conversations with defendant by Agents Gallagher, Curran, and Neely was lawful under federal and Pennsylvania law because it was done with Williams's consent. See 18 U.S.C. § 2511(2)(c) (2000); 18 Pa. Cons. Stat. Ann. § 5704(2)(ii) (West 2000 & Supp. 2008). Thus, Agent Gallagher's October 24, 2006 testimony that the wire was placed pursuant to federal and Pennsylvania law was truthful and not perjurious. As the agents' conduct was lawful, disciplinary action is not appropriate.

### D.     Theodore Mills (aka Craig Williams)

Defendant seeks to refer Theodore Mills (aka Craig Williams) ("Williams") to the disciplinary authorities on the grounds that he illegally recorded his conversations with defendant and that he perjured himself in violation of 18 U.S.C. §§ 1621–1623 at the March 29, 2005 grand jury proceeding in testifying about homicides allegedly committed by defendant.

Witnesses and government informants are not subject to disciplinary action.  Moreover, defendant has not submitted any evidence in support of his claim that Williams committed perjury.

## III.    CONCLUSION

For the foregoing reasons, defendant's Motion to Refer is denied.

**BY THE COURT:**

<u>**/s/ Honorable Jan E. DuBois**</u>
        **JAN E. DUBOIS, J.**