IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| v. | |
| ANDRE HENRY | NO. 06-33-01 |

DuBois, J.                                                                                                          May 19, 2020

**M E M O R A N D U M**

### I.  INTRODUCTION

Defendant Andre Henry was convicted in 2007 of charges stemming from false statements made to a federal firearms licensee; conspiracy to make false statements made to a federal firearms licensee; Hobbs Act robbery; attempted carjacking; using and carrying a firearm during and in relation to a crime of violence; possession of a firearm or ammunition by a convicted felon; armed bank robbery; conspiracy to commit armed bank robbery; and solicitation to commit murder.  Presently before the Court is the Motion to Correct Sentence Under 28 U.S.C. § 2255 filed *pro se* by defendant. For the reasons set forth below, defendant's § 2255 Motion is denied and dismissed.

### II.  BACKGROUND

The background of this case is set forth in detail in the Court's previous opinions.  *See United States v. Henry*, No. 06-33-01, 2011 WL 3417117 (E.D. Pa. Aug. 3, 2011); *United States v. Henry*, 472 F. Supp. 2d 649 (E.D. Pa. 2007); *United States v. Henry*, No. 06-33-01, 2007 WL 419191 (E.D. Pa. Feb. 2, 2007); *United States v. Henry*, No. 06-33-01, 2007 WL 419197 (E.D. Pa. Feb. 2, 2007); *United States v. Henry*, No. 06-33-01, 2007 WL 656877 (E.D. Pa. Jan. 30, 2007); *United States v. Henry*, No. 06-33-01, 2007 WL 219885 (E.D. Pa. Jan. 26, 2007). Accordingly, the Court recites in this Memorandum only those facts necessary to explain the

Court's ruling on the instant motion.

On January 24, 2006, a grand jury sitting in this district returned a 28-count Indictment against Andre Henry and six co-defendants. Gov.'s Resp. 2. On October 24, 2006, a grand jury returned a Superseding Indictment, in which, *inter alia*, Andre Henry was charged with conspiracy to make false statements to a federal firearms licensee, in violation of 18 U.S.C. § 371 (Count 1); five counts of making false statements to a federal firearms licensee, in violation of 18 U.S.C. § 924(a)(1)(A) (Counts 2, 3, 5, 7, 9); eight counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Counts 11, 12, 13, 14, 15, 18, 19, 20); three counts of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts 17, 22, 24); attempted carjacking, in violation of 18 U.S.C. § 2119 (Count 16); two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(d) (Counts 21 and 23); conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371 (Count 25); five counts of possession of a firearm or ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g) (Counts 4, 6, 8, 10, 26); one count of possession of body armor, in violation of 18 U.S.C. §§ 931 and 921(a)(35) (Count 27); and solicitation to commit murder, in violation of 18 U.S.C. § 373 (Count 28).

The charges against defendant Andre Henry proceeded to jury trial beginning on February 5, 2007. On February 22, 2007, defendant was convicted on all counts except possession of body armor (Count 27), which the Government withdrew. Gov.'s Resp. 3. Defendant was sentenced to a total of 982 months imprisonment followed by five years of supervised release.[1] Defendant subsequently appealed his convictions, which were affirmed on

---

[1] The Court determined that defendant's guideline range was 262 to 327 months imprisonment on all offenses except his § 924(c) offenses—which carried a mandatory consecutive sentence of 720 months. The Court sentenced defendant to 262 months imprisonment on all offenses other than the § 924(c) offenses, and to a consecutive sentence of 720 months on the § 924(c) offenses. Def.'s Mot. 2; Gov.'s Resp. 3.

January 7, 2010.  *See United States v. Henry*, 360 F. App'x 395, 399 (3d Cir. 2010).

Defendant filed his first motion pursuant to 28 U.S.C. § 2255 on February 15, 2011, arguing that his trial counsel rendered ineffective assistance in litigating his suppression motions and in failing to move to dismiss the original Indictment.  Defendant also contended that the Court erred in not allowing him to select his own psychologist or psychiatrist to evaluate his competency to stand trial, and that his appellate counsel was ineffective for failing to pursue the issue before the Third Circuit.  This Court denied defendant's § 2255 motion by order dated August 3, 2011.  The Third Circuit denied a certificate of appealability.

On February 5, 2020, defendant filed a Motion Under 28 U.S.C. § 2244 for Order Authorizing District Court to Consider Second or Successive Application for Relief under 28 U.S.C. § 2254 or § 2255 in the Third Circuit.  *See* Def.'s § 2244 Mot., *In re: Andre Henry*, No. 20-1245 (Document No. 1).  As the basis for his second or successive § 2255 motion, defendant cited two Supreme Court decisions: (1) *United States v. Davis*, 139 S. Ct. 2319 (2019), which struck down 28 U.S.C. § 924(c)(3)(B) as unconstitutionally vague; and (2) *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which reinterpreted the necessary elements of an offense under 18 U.SC. § 922(g)—felon in possession of a firearm.  *Id.* at 1.

On April 2, 2020, the Third Circuit granted defendant's application for leave to file a second or successive 28 U.S.C. § 2255 motion, concluding that he had "made a prima facie showing that his proposed § 2255 motion relies on 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'"  Third Circuit Order dated April 2, 2020 (Document No. 873) (quoting 28 U.S.C. § 2255(h)(2)).  The Third Circuit granted defendant's application only with respect to his argument based on *Davis*, not his *Rehaif* argument.  *Id.*  Defendant's *pro se* Motion to Correct

3

Sentence Under 28 U.S.C. § 2255 was docketed with this Court on that same day.  The Government responded to defendant's Motion on April 29, 2020.  The Motion is thus ripe for decision.

### III. DISCUSSION

Under 28 U.S.C. § 2255(a), a federal prisoner may file a motion requesting that the sentencing court vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  In his § 2255 Motion, defendant contends (1) that his convictions under 18 U.SC. § 922(g) must be vacated in light of the Supreme Court decision in *Rehaif* and (2) that his convictions under 18 U.SC. § 924(c) must be vacated in light of the Supreme Court decision in *Davis*.  Def.'s Mot. 2-3.  The Court will address each argument in turn.

#### A. Convictions Under 18 U.SC. § 922(g)

In *Rehaif*, the Supreme Court held that the Government must prove that a defendant charged with possession of a firearm or ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g), "knew he possessed a firearm and . . . knew he belonged to the relevant category of persons barred from possessing a firearm."  *Rehaif*, 139 S. Ct. at 2200.  Based on the Supreme Court decision in *Rehaif*, defendant argues that this Court erred in instructing the jury that it "did not need to find that the petitioner knew that he was breaking the law."  Def.'s Mot. 3.  However, this Court is without jurisdiction over this issue as the Third Circuit only granted defendant's application for leave to file a second or successive § 2255 motion based on the Supreme Court decision in *Davis*.  Third Circuit Order dated April 2, 2020 (Document No. 873).

The Third Circuit order makes no reference to *Rehaif*. Moreover, a second or successive motion based on *Rehaif* would not be proper as the Third Circuit has held that *Rehaif* "did not set forth a new rule of constitutional law as contemplated by § 2255(h)." *In re Sampson*, 954 F.3d 159, 161 (3d Cir. 2020). Defendant's Motion is thus dismissed for lack of jurisdiction to the extent it challenges his convictions under 18 U.S.C. § 922(g).

### B. Convictions Under 18 U.SC. § 924(c)

Section 924(c) prohibits using or carrying a firearm during and in relation to a "crime of violence," or possessing a firearm in furtherance of a "crime of violence." 18 U.S.C. § 924(c)(1)(A). The statute defines a "crime of violence" as "an offense that is a felony" and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subpart A is known as the "elements clause" and subpart B is known as the "residual clause." *Davis*, 139 S. Ct. at 2324. In *Davis*, the Supreme Court invalidated the residual clause, holding that it is unconstitutionally vague. *Id.* at 2336. Accordingly, convictions under § 924(c) may only be predicated on offenses that qualify as crimes of violence under the elements clause.

Defendant argues that he was convicted under § 924(c) "by a jury that was instructed on 2 theories of liability, one of which turns out to be unconstitutionally vague." Def.'s Mot. 2. In making that argument, he relies on the Supreme Court decision in *Stromberg v. California*, 283 U.S. 359 (1931), which stands for the principle that, "where a provision of the Constitution forbids conviction on a particular ground, the constitutional guarantee is violated by a general verdict that may have rested on that ground." *Griffin v. U.S.*, 502 U.S. 46, 53 (1991). Based on

*Stromberg*, defendant claims that the Court must vacate his § 924(c) convictions because the jury's verdict "'may have' rested on the unconstitutional residual clause." Def.'s Mot. 2.

Defendant's argument is inapplicable to this case and is rejected because it is clear that the jury verdict in this case did not rest on the unconstitutional residual clause. Contrary to defendant's characterization of the jury instructions, the Court did not submit to the jury the question whether the predicate offenses were crimes of violence under the elements clause or residual clause. Because the question "[w]hether a particular crime constitutes a crime of violence is a question of law," *United States v. Dorsey*, 174 F.3d 331, 332 (3d Cir. 1999), this Court instructed the jury that "the offenses charged in Count Sixteen of the Superseding Indictment, attempted carjacking, and Counts Twenty-One and Twenty-Three of the Superseding Indictment, bank robbery with a dangerous weapon, are crimes of violence," Def.'s Mot. 6 (providing a copy of the Court's relevant jury instruction). Defendant's argument is totally without merit, as the *Stromberg* principle applies only to general jury verdicts—"not to legal determinations made by trial courts." *United States v. Hunt*, No. 06-0155, 2018 WL 10215840, at *2 (D. Colo. Nov. 19, 2018).[2]

The question which this Court must now address is whether the predicate offenses—attempted carjacking and armed bank robbery—qualify as crimes of violence under the elements

---

[2] Even if the Court were to apply the *Stromberg* principle to the Court's legal determination, the remedy would not be a vacatur of defendant's convictions under § 924(c). Following the Supreme Court decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which struck down the residual clause of the Armed Career Criminal Act ("ACCA"), courts ruled that, "when it is unclear from the record whether the . . . court relied on the [ACCA's] residual clause, it necessarily is unclear whether the court relied on a constitutionally valid or a constitutionally invalid legal theory." *United States v. Geozos*, 870 F.3d 890, 895 (9th Cir. 2017). The question of how to resolve this uncertainty when evaluating the merits of a § 2255 motion based on *Johnson* was answered by the Third Circuit in *United States v. Peppers*. In *Peppers*, the court held that, to prove a claim under *Johnson*, a § 2255 movant must "demonstrate that his sentence necessarily implicates the residual clause, which may be shown either by evidence that the district court in fact sentenced him under the residual clause or proof that he could not have been sentenced under the elements or enumerated offenses clauses based on current case law." 899 F.3d 211, 235 n.21 (3d Cir. 2018). The *Peppers* rationale, which is applicable to sentencing issues, provides guidance with respect to similar issues presented in submission of cases to the jury. The Court notes, however, that defendant does not raise any sentencing issues in this case.

clause.

      *i.*      *Armed Bank Robbery*

Two of defendant's § 924(c) charges (Counts 22 and 24) were predicated on defendant's armed bank robberies, in violation of 18 U.S.C. § 2113(d). *See* Superseding Indictment at 32, 34 (Document No. 204). The Third Circuit has held that armed bank robbery qualifies as a crime of violence under the elements clause of § 924(c). *United States v. Johnson*, 899 F.3d 191, 202-04 (3d Cir. 2018). Accordingly, there was no trial error implicating the jury verdicts of guilty on the two counts charging using and carrying a firearm during and in relation to a crime of violence based on defendant's armed bank robberies—Counts 22 and 24.

      *ii.*      *Attempted Carjacking*

The remaining § 924(c) charge (Count 17) was predicated on defendant's attempted carjacking of a motor vehicle by force or violence, in violation of 18 U.S.C. § 2119. *See* Superseding Indictment at 27 (Document No. 204). 18 U.S.C. § 2119 applies to whomever "with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so."

Courts have consistently held that carjacking is a crime of violence under the elements clause of § 924(c). *See, e.g., Estell v. United States*, 924 F.3d 1291, 1292-93 (8th Cir. 2019); *United States v. Evans*, 848 F.3d 242, 247 (4th Cir. 2017); *In re Smith*, 829 F.3d 1276, 1280–81 (11th Cir. 2016). These courts have concluded that carjacking falls under the definition set forth in the elements clause because it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Courts have further reasoned that even carjacking by intimidation "constitutes a threat of physical

force." *Estell*, 924 F.3d at 1293.

The Government cites the Third Circuit's recent interpretation of bank robbery by intimidation, in violation of 18 U.S.C. § 2113(a), as a crime of violence under § 4B1.2(a)(1) of the Sentencing Guidelines. *United States v. Wilson*, 880 F.3d 80, 83 (3d Cir. 2018). Section 4B1.2(a)(1) of the Sentencing Guidelines is worded almost identically to the § 924(c) elements clause. *See* U.S.S.G. § 4B1.2(a)(1) (defining "crime of violence" as having "as an element the use, attempted use, or threatened use of physical force against the person of another"). The Government argues that the elements of bank robbery by intimidation, in violation of § 2113(a), are substantially similar to those of attempted carjacking, in violation of § 2119—namely, that both require taking "by force and violence" or "by intimidation"—and that attempted carjacking is thus properly considered a crime of violence under § 924(c)'s elements clause. The Court agrees with the Government on this issue.

That defendant was convicted of attempted carjacking does not affect the Court's analysis. Section 924(c)'s elements clause expressly contemplates the "attempted use" of force. 18 U.S.C. § 924(c)(3)(A). Accordingly, courts that have affirmed that attempted crimes of violence nonetheless qualify as crimes of violence under the elements clause. *See United States v. Dominguez*, 954 F.3d 1251, 1261 (9th Cir. 2020) ("[W]hen a substantive offense would be a crime of violence under 18 U.S.C. § 924(c)(3)(A), an attempt to commit that offense is also a crime of violence. There is no circuit court decision to the contrary.").

The Court thus concludes that there was no trial error implicating the jury verdict of guilty on the count charging using and carrying a firearm during and in relation to a crime of violence based on defendant's attempted carjacking—Count 17.

### iii.   *Conclusion*

Based on the Third Circuit decision in *Johnson* that armed bank robbery qualifies as a crime of violence under the elements clause of § 924(c) and the Court's conclusion that attempted carjacking qualifies as a crime of violence under the elements clause of § 924(c), defendant is not entitled to relief pursuant to 28 U.S.C. § 2255 based on the Supreme Court decision in *Davis*.

### IV.   CONCLUSION

For the foregoing reasons, defendant Andre Henry's Motion to Correct Sentence Under 28 U.S.C. § 2255 is denied.  A certificate of appealability will not issue because reasonable jurists would not debate whether the Motion states a valid claim of the denial of a constitutional right or the propriety of this Court's procedural ruling with respect to defendant's claims.  *See* 28 U.S.C. § 2253(c)(2) (providing that a certificate of appealability will issue "only if the applicant has made a substantial showing of the denial of a constitutional right"); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An appropriate order follows.